[Civil No. 3808.   Filed June 1, 1937.]

[68 Pac. (2d) 703.]

JERRY HEDRICK, Appellant, v. TIN CUP MINES, INC., a Corporation, B. B. MOEUR, JAMES H. KERBY, JOHN L. SULLIVAN, ANA FROH-MILLER and MIT SIMMS, Constituting the State Land Department of the State of Arizona, and CHARLES P. MULLEN, State Land Commissioner, Appellees.

Mr. Francis M. Hartman, Messrs. Knapp, Boyle & Thompson and Mr. Louis L. Wallace, for Appellant.

Mr. Charles P. Ehmer and Mr. Otto E. Myrland, for Appellee Tin Cup Mines, Inc.

Mr. John L. Sullivan, Attorney General and Mr. Elmer C. Coker, Assistant Attorney General, for Appellee State Land Department.

LOCKWOOD, J.—This is an appeal by Jerry Hedrick, hereinafter called plaintiff, from an order of the superior court of Mohave county, dismissing an appeal taken to that court from an order of the State Land Department, hereinafter called the department. The facts necessary for a determination of the appeal are not in question, and may be stated as follows:

On the 23d day of December, 1935, plaintiff filed with the department an application for a mineral lease of certain properties which we shall call the Hedrick lode mining claims, situate in Mohave county, Arizona, and on the 26th day of December a formal operator's lease to said claims was entered into between the land commissioner and plaintiff. On February 21, 1936, the Tin Cup Mines, Inc., a corporation, filed a petition with the department, alleging, in substance, that plaintiff had obtained his operator's lease above referred to by fraudulent misrepresentations to the department. Notice was duly given to plaintiff, and he answered the petition, asking that it be dismissed. Thereafter, and on March 4, 1936, at a meeting of the department, at which all of the members were present, the petition aforesaid was heard, both that corporation and plaintiff being represented by counsel, and the following resolution was adopted by the department:

"It was regularly moved, seconded and unanimously passed that the lease issued to Jerry Hedrick be cancelled and set aside for the reason that said lease was procured through fraud, deceit and wilful misrepresentation and the State Land Commissioner is hereby authorized and directed to take the necessary action to have the heretofore mentioned lease surrendered up and cancelled."

On March 16th plaintiff gave notice to the department of an appeal to the superior court from its decision as aforesaid and the record was duly transmitted to the superior court of Mohave county which, after hearing, entered the order from which an appeal was taken to this court.

There is but one question before us, and that is, whether this court has jurisdiction to entertain the appeal under the circumstances above set forth.

Article 3 of chapter 71 of the Revised Code of 1928 (§ 2964 et seq.) deals with the subject of the leasing of state lands. The sections which it is necessary to consider in the present case are sections 2966, 2970 (as amended in 1929 [Laws 1929, chap. 52, § 2]), and section 2971, which read as follows:

"2966. *Appeal by applicant; notice.* An applicant to lease state land may appeal from a decision of the commissioner to the department, and from the department to the superior court of the county in which the land is situated. The party appealing shall give notice thereof in writing to the commissioner or department from whose decision the appeal is taken and to the adverse applicant, within twenty days from the rendition of the decision. Thereafter such proceedings shall be had in the superior court as on an appeal from an appraisement."

"2970. *Forfeiture of leases; extension of payment.* A lessee violating any condition of the lease, shall forfeit such lease and his rights thereunder and the commissioner shall proceed by proper action to cancel the lease and take possession of the land, or take such other steps as the interest of the state requires; pro-

vided, that if the lessee shall fail to pay the rent when due, the commissioner may in his discretion, extend the time for the payment thereof for an additional period not to exceed ninety days, and shall in such case add to said rental a penalty of five per cent and interest on such delinquent rent and penalty at the rate of ten per cent per annum, until paid, which said delinquent rent, penalty and interest shall be a lien on the improvements, crops, and property on said land. The commissioner shall in no event, however, extend the period for payment of rental more than three times and if the annual rental shall at any time be one calendar year in arrears, the lease of the property involved shall automatically cease, and the commissioner shall proceed by proper action to cancel same on the books in his office.''

''2971. *Cancellation of lease.* Before any action may be brought for the cancellation of a lease the land department shall hold a public hearing after due notice thereof to the lessee or assignee. The department may then order the commissioner to bring an action to cancel said lease and if it appear that such lease was procured through fraud, deceit or wilful misrepresentation, the court shall cancel said lease and forfeit the improvements on the land to the state; but should said lease be canceled for any other reason, then the lessee shall be permitted to remove his improvements at any time within sixty days.''

██ It is the contention of the plaintiff herein that he is entitled to appeal to the superior court from the order of the department directing the commissioner to take the necessary action to have his lease canceled, and from the order of the superior court dismissing that appeal to this court, under section 2966, *supra.* It is the position of the department that section 2966, *supra,* covers only appeals from a decision of the department on an application to lease state lands, and that its order of March 4th, which is the basis of the present appeal, in no manner involves such an application, but was made under sections 2970 and 2971,

*supra,* to initiate an action in the superior court to cancel a lease which has already been issued to the applicant.

We are of the opinion that the department is correct in its contention. The present proceeding in no manner involves an application to lease state lands. Plaintiff's application was approved and the lease issued to him. The petition of the Tin Cup Mines, Inc., does not ask for a lease, but requests the cancellation of one made to another party which had already been issued. We think it is clear that this proceeding falls under sections 2970 and 2971, rather than under section 2966.

It will be seen on an examination of these two sections that the only authority having the power to cancel a lease is the superior court of the appropriate county. The only connection the department has with such a proceeding is the holding of a public hearing, at which the lessee may be present, and the only action which may be taken by the department, after such hearing, is an instruction to the land commissioner either to bring, or not to bring, an action in the superior court for cancellation of the lease. A hearing was held and an order to bring the action made. We certainly think, in the absence of very precise statutory language permitting it, that it would be absurd to hold a lessee may appeal from what is merely an instruction to an employee of the department to bring a suit in the proper tribunal. The remedy of the lessee is, first, to defend in the superior court the suit for cancellation, and then, if necessary, appeal to this court from a judgment of the superior court canceling his lease, if such be rendered. When, therefore, the matter came before the superior court of Mohave county, on an attempted appeal from the order of the department directing that an action be brought to cancel the lease, the judge of the superior court of

that county properly dismissed the appeal. Whether he gave the correct reasons for his order is immaterial. Since the court was without jurisdiction to entertain the appeal, it was properly dismissed.

The order appealed from is affirmed.

McALISTER, C. J., and ROSS, J., concur.